UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES,**<br><br>                    **Plaintiff**<br><br>          v.<br><br>**JOSE AGUILAR CHAVEZ,**<br><br>                    **Defendant** | **CASE NO. 1:11-CR-0223 AWI**<br>**1:12-CV-1372**<br><br>**ORDER RE: HABEAS CORPUS PETITION**<br><br>**(Docs 160, 164, 165, 166, 167, 168)** |

## I. Background

On June 15, 2011, the Kern County Sheriff's Department executed a search warrant on a site where multiple people were growing marijuana. Petitioner Jose Aguilar Chavez ("Petitioner") had a plot at that site. He claims that he was growing 90 plants; the police counted 115 plants on his plot. Petitioner was arrested and charged conspiracy to manufacture marijuana in violation of 21 U.S.C. § 841(a)(1) and § 846. Doc. 35. Petitioner and the government reached a plea agreement. Doc. 91. On February 27, 2012, Petitioner plead guilty to one count of manufacturing more than one hundred marijuana plants in violation of 21 U.S.C. §841(a)(1). Doc. 93. On August 27, 2012, Petitioner was sentenced to 5 years imprisonment. Doc. 126.

Petitioner brings a motion for habeas corpus under 28 U.S.C. § 2255 based on ineffective assistance of counsel ("IAC"). Doc. 160.

## II. Legal Standard

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979).

Courts must "construe pro se habeas filing liberally." Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir.2003). Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994), quoting 28 U.S.C. § 2255. The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996), citations omitted.

Mere conclusory statements or statements that are inherently incredible in a Section 2255 motion are insufficient to require a hearing. See United States v. Howard, 381 F.3d 873, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, when a court receives a Section 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. See United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986).

### III. Discussion

Petitioner's sole claim is IAC: "counsel's advice as to petitioner's guilty plea was constitutionally inadequate thereby rendering his plea unknowingly and involuntary made under the circumstances in this case." Doc. 160, Petition, at 5a (5 of 28). To succeed on an IAC claim, "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient

performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  "Judicial scrutiny of counsel's performance must be highly deferential....a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984).

**A. Guilty Plea**

  Petitioner argues that counsel's performance was deficient at the plea bargaining stage of the proceedings, stating "Mr. Harralson's representation of petitioner fell below objective standards of reasonableness due to counsel's coercion and misrepresentation for a ten (10) month sentence by petitioner signing a plea agreement without having it explained of a 5-year minimum mandatory sentence in agreeing to 115 plants of marijuana....Mr. Harralson incorrectly advised petitioner that by accepting the plea bargain to 115 plants of marijuana his guideline level would be 16 and by accepting responsibility a three (3) level reduction to 13 and for his clean record he promised a 10-month sentence." Doc. 160, Petition, 5c-5d (7-8 of 28).  In the Ninth Circuit, an attorney's performance is termed deficient when he/she grossly mischaracterizes the likely sentence to be received in counseling a defendant to plead guilty. <u>Doganiere v. United States</u>, 914 F.2d 165, 168 (9th Cir. 1990).

  Petitioner plead guilty to one count of manufacturing more than one hundred marijuana plants in violation of 21 U.S.C. §841(a)(1) which would subject him to a sentence of five to forty years pursuant to 21 U.S.C. §841(b)(1)(B)(vii).  The stated mandatory minimum sentence is five years imprisonment, but in the plea agreement, the parties agreed to the potential application of the safety valve: "The government and the defendant agree that the defendant will be eligible for a 'safety valve' sentencing reduction pursuant to 18 U.S.C. §3553(f)/Sentencing Guidelines §5C1.2

1 provided that he meets and complies with the criteria regarding his criminal history and
2 debriefing." Doc. 91, Plea Agreement, 5:24-28.
3      Subsequent to the guilty plea, Petitioner was not able to satisfy the government that his
4 cooperation merited application of the safety valve. Petitioner's sentencing was delayed several
5 times to allow Petitioner to provide information to the government. See Docs. 104, 108, 115, 120.
6 Petitioner's counsel explained to him the importance of the safety valve provision: "Mr. Harralson
7 then explained to Chavez that the mandatory minimum sentence was 5 years and the only way he
8 could receive a sentence reduction was by cooperating in a safety valve interview." Doc. 117,
9 Sentencing Memorandum, at 10. Petitioner provided a letter from his counsel which stated, "As I
10 have explained prior to and during our discussions yesterday, you will receive a[] substantial
11 reduction in the time you spend in custody for making a complete and truthful statement to the
12 United States Attorney and agents assigned to your case....you will NOT receive a reduction in
13 your sentence from (60) months (the Mandatory Minimum) to (10) months unless and until you
14 give the required statement. During our meeting, I confirmed with the Probation Officer, Brian
15 Bedrosian, that if it is confirmed that you have met the 'Safety Valve' requirements, you WILL
16 get the above-stated reduction." Doc. 160, March 22, 2012 letter, (22 of 28). At sentencing,
17 Petitioner did not receive the safety valve. Consequently, he was sentenced to the mandatory
18 minimum of five years.
19      Given this background, counsel's performance during the plea agreement phase of the
20 proceedings was not deficient. While later events resulted in Petitioner receiving a much longer
21 sentence, counsel's initial advice to Petitioner that he would likely receive a sentence of ten
22 months imprisonment was sound. In representing Petitioner during the plea bargaining process,
23 counsel was not ineffective. The issue of prejudice need not be addressed.
24
25 **B. Sentencing**
26      Petitioner also suggests that he received ineffective assistance at the sentencing phase of
27 the proceedings: "Mr. Harralson's unreasonably deficient performance continued through
28 sentencing where he failed to present any defense on petitioner's behalf....Mr. Harralson's

substandard representation culminated at sentencing when he failed to make any arguments for a downward departure in a clear fact that petitioner was diagnosed with a critical back injury due to work accident and he had a physician recommendation to use marijuana." Doc. 160, Petition, 5d-5e (8-9 of 28). As part of the plea agreement, Petitioner waived his right to challenge his sentence through a habeas corpus petition: "The defendant also hereby waives any right to appeal his sentence, directly or in any form of collateral attack, including but not limited to any proceedings pursuant to 28 U.S.C. §§ 2255 or 2241 or any writ, provided that the sentencing court accepts the stipulations between the parties and follows the recommendations of the government as set forth below." Doc. 91, Plea Agreement, 3:22-28. The government agreed to recommend a three-level decrease in the offense level for acceptance of responsibility and to recommend sentence at the bottom of the sentencing range. Doc. 91, Plea Agreement, 5:13-18. Since Petitioner was subject to a five year mandatory minimum under 21 U.S.C. §841(b)(1)(B)(vii), well above the sentencing guideline range, that issue became moot.

A plea agreement that contains waiver of habeas relief for sentencing errors is enforceable. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); United States v. Watson, 582 F.3d 974, 986 (9th Cir. 2009). In dicta, the Ninth Circuit has stated that an "ineffective assistance claim related only to counsel's alleged mishandling of the sentencing proceedings, not to the plea or the plea agreement" itself, cannot be challenged. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); see also Ceja v. United States, 2010 WL 4806904, *3 (E.D. Cal. 2010) ("where waivers of rights to appeal or collaterally attack a sentence or conviction are knowingly and voluntarily accepted as part of a negotiated plea agreement and where the petitioner's allegations challenge neither the voluntariness of the plea or its waivers, and where the grounds alleged are within the scope of the waivers, the waivers will be held enforceable against all challenges including those expressed as ineffective assistance of counsel"). As this theory of IAC is based on counsel's representation at sentencing, the waiver is effective.

**C. Certificate of Appealability**

Unless a circuit justice or district judge issues a certificate of appealability ("COA"), an

appeal may not be taken to the court of appeals from a final decision of a district judge in a habeas corpus proceeding. See 28 U.S.C. § 2253(c)(1); Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012). A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). To do so, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 479 (2000). The Ninth Circuit will not act on a motion for a COA if the district court has not ruled first. See Ninth Cir. R. 22-1(a); Wilson v. Belleque, 554 F.3d 816, 827 (9th Cir. 2009). The issuance of a COA has been described as a "rare step." Murden v. Artuz, 497 F.3d 178, 199 (2nd Cir. 2008) (Hall, J., concurrence).

Here, jurists of reason would not find it debatable that Petitioner has failed to show a denial of a constitutional right. Accordingly, a certificate of appealability is denied.

### IV. Order

Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 21 U.S.C. § 2255 is DENIED.

The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: May 8, 2015
_____
SENIOR DISTRICT JUDGE